IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 AUG -2 P 3: 21

| | | |
|---|---|---|
| **ANTHONY MOORE** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:06-cv-672-WKW |
| | ) | |
| **CITY OF MONTGOMERY** | ) | |
| Defendant. | ) | |

### MOTION TO AMEND COMPLAINT

COMES NOW, the Plaintiff, Anthony Moore, pursuant to *F.R.C.P. 15(a)* respectfully moves this Honorable Court to amend the original Complaint in this matter to add the Right to Sue letter received from the City of Montgomery. As grounds, the Plaintiff would show as follows:

1. That the Plaintiff filed the original complaint on ~~October 25, 2005~~ 7-27-06 Am.

2. That on May 3, 2006, the Plaintiff received a Right to Sue letter from the City of Montgomery.

3. That the Right to Sue letter in a necessary component of this matter.

4. That the Plaintiff in this matter is *pro se.*

WHEREFORE, for the premises stated, the Plaintiff respectfully request that the original complaint be amended to include the Right to Sue letter.

Respectfully submitted on this the 2 day of August, 2006.

_____
Anthony Moorer

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Counsel for the Defendant's Office, 103 N. Perry Street, Montgomery, Alabama 36104, by placement in the United States Mail Service, postage pre-paid on this the _2nd_ day of August, 2006.

                                                                                     _/s/ Anthony Moorer_
                                                                                     Anthony Moorer

EEOC Form 161 (10/96)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Mr. Anthony Moorer
c/o Attorney J. Battle-Hodges
P. O. Box 210243
Montgomery, AL 36121-0243

From: Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205

RECEIVED 2006 JUL 31 P 3: 42
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130-2006-00551 | B. T. Lewis, Enforcement Supervisor | (205) 212-2115 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Beverly B. Hinton for*   4/28/06
Bernice Williams-Kimbrough, District Director   (Date Mailed)

Enclosure(s)

cc: Mr. Michael D. Boyle, Esq.
Assistant City Attorney
City of Montgomery
P. O. Box 1111
Montgomery, AL 36101

BK 7 31 06
SCANNED

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --** **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit <u>before 7/1/98</u> -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## Information For Persons With Age Discrimination Claims Against State Employers: How Kimel V. Florida Board of Regents Affects Your Rights

The Supreme Court has recently held in Kimel v. Florida Board of Regents that the Federal Age Discrimination in Employment Act (ADEA) does not override the State's constitutional immunity from suits by private persons for monetary relief. Therefore, you may not bring a age discrimination suit seeking monetary relief against a State employer in either Federal or State court, unless the State has give its consent. We know of no State that consents to Federal ADEA suits. However, the Kimel Court noted that persons may recover money damages from their State employers under State discrimination laws in 44 States.

The age discrimination provisions of the ADEA still apply to State employees. In spite of Kimel, ADEA chargers may still be filed with the EEOC and EEOC retains its full authority to seek relief from ADEA violations and to otherwise enforce the ACT, including suing States in Federal Court.

The additional information below may or may not apply to your case. (Your attorney, EEOC, or a State or local Fair Employment Practices Agency that enforces age discrimination law can explain or discuss these matters with you).

- States may permit suits by private person but can define how they may be sued, such as procedures, who can sue, and in what courts. In this regard, as noted above, many States have laws allowing private age discrimination suits in State court under State law. (Therefore, your charge of discrimination, or other factors, may entitle you to sue or otherwise seek relief under State law.

- Kimel does not apply to local units of government-Counties, Cities, School Boards, Special Taxing Districts, ect - if damages awarded will not come from a State's treasury. Kimel does not apply to interstate compact agencies that are not structured to qualify for immunity.

- While Kimel bars private age discrimination suits for monetary relief under Federal law, you may be permitted to sue State officials, in their official capacity, for purely injunctive relief under the ADEA. This theory will have to be tested in the courts by private litigants.

- Your EEOC charge may claim more than one type of discrimination - disability or a Title VII basis (race, color, religion, sex or national origin) - plus age. Kimel does not bar title VII or Americans with Disabilities Act (ADA) suits in Federal court. However, State law age discrimination suits may not be appended to a Title VII or ADA suit in Federal court.

- Title VII and ADA suits may also be filed in State Court. Therefore, Title VII or ADA suits can be filed in State court with a State Law suit that includes, as applicable, State law age discrimination claims.

If you have any questions on your rights under the EEOC statutes, or if you wish to be referred to a private attorney who may consider handling your case, please call the EEOC office where you filed your charge. You may find additional information on the EEOC internet web site as www.eeoc.gov.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form

ENTER CHARGE NUMBER
___ FEPA
X  EEOC  130 2006 00551

_____ and EEOC
(State or local Agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.) | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Mr. Anthony Moorer | (334) |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 4241 Green Meadow Drive, Montgomery, AL 36108, Montgomery County | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| City of Montgomery, Alabama | 15+ | (334) 241-2675 |

| STREET ADDRESS | CITY, STATE, AND ZIP CODE |
|---|---|
| 103 N. Perry Street, Montgomery, AL 36104 | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate Box(es))X

X RACE  __ COLOR  X SEX  __ RELIGION  __ NATIONAL ORIG
__ AGE  __ RETALIATION  __ OTHER (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE
(Month, day, year)

THE PARTICULARS ARE (If any additional space is needed, attach extra sheet(s)):

**SEE ATTACHED**

RECEIVED
EEOC
OCT 27 2005
BIRMINGHAM DISTRICT OFFICE

DATE: 10-25-05

I declare under penalty of perjury that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Anthony Moorer

SIGNATURE OF COMPLAINT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day, year)

Anthony Moorer
DOB: 07-29-59

Anthony Moorer, Charging Party (CP), is a 46 year old black male. CP began working for the City of Montgomery ("City") on or about April 22, 2003, as a laborer. On or about January 7, 2004, CP was laterally transferred to a different department.

On or about October 4, 2005, CP was suspended for five (5) working days. The reason given to CP for the suspension was his unapproved absence. However Mike Tredrick, white male, has violated this policy on more than one occasions, yet he was not reprimanded.

CP is also required to do jobs that other similarly situated employees are not required to do. For example, CP has been required to climb up a ladder or a scaffold for the entire time he has worked on the paint truck. However, Tommy Kilo, white male, is not required to climb the ladder or the scaffold. When CP inquired into why Mr. Kilo is not required to climb ladders and scaffolds, Mr. Harris replied that Tommy is 53 years old. CP has been discriminated against based on age.

Because CP can find no justifiable reason for the disparate treatment he has received, CP is only left to believe that his disparate treatment was pretext for discrimination based on race and age.

CP believes that he has been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED
EEOC

OCT 27 2005

BIRMINGHAM DISTRICT OFFICE