IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY BERNARD MOORER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV672-WKW |
| | ) | [WO] |
| CITY OF MONTGOMERY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION

On 27 July 2006, the plaintiff, ANTHONY MOORER, filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. He filed a Motion to Amend his complaint on 2 August 2006 (Doc. # 3). Attached to the motion to amend were the Notice of Right to Sue issued by the Equal Employment Opportunity Commission ["EEOC"] and a copy of Moorer's charge of discrimination.

This court has subject-matter jurisdiction over the plaintiff's Title VII claims only if he first exhausted the administrative remedies available to him. **42 U.S.C. § 2000e-5(f)(1)**. ***Virgo v. Riviera Beach Associates, Ltd.***, 30 F.3d 1350, 1359 (11th Cir. 1994). Exhaustion necessarily implies that the claims made in the federal complaint fall within the scope of the claims asserted before the EEOC and that the scope of the EEOC's investigation included the employer's allegedly wrongful acts. Thus, "[t]he starting point for determining the permissible scope of a complaint of employment discrimination is the EEOC charge and resulting investigation. ***Smith v. Sentry Ins.***, 674 F.Supp. 1459, 1467

(D. Ga. 1987)*quoting Evans* v. U.S. Pipe & Foundry Company, 696 F.2d 925, 929 (11th Cir. 1983).

Moorer's charge of discrimination alleged that the City of Montgomery discriminated against him because of his race by (1) suspending him on 4 October 2005 for unapproved absence while declining to suspend a while employee who violated the same policy, and (2) requiring him "to do jobs that other similarly situated employees are not required to do". The charge of discrimination indicates that it was received in the EEOC's offices on 27 October 2005.

In contrast, Moorer's complaint in this court clearly indicates that the "alleged discrimination occurred on or about April 7, 2005" (Doc. # 1). Further, Moorer alleges that he was discriminated against because of his race when his supervisor, Bernard Harris, a black male, "would only let [him] do the high work" and he "was harassed by Mr. Harris at all times" (Doc. # 1). He also alleged that two other employees were not forced to do the "high work". Finally, Moorer alleges that the acts complaint of in this suit are "[t]ermination of my employment" and "[f]ailure to promote me".

Although "the scope of the EEOC complaint should not be strictly interpreted," Turner v. Orr, 804 F.2d 1223, 1226 (11th Cir. 1986), two unmistakable differences between the charge of discrimination and the federal complaint appear to doom this court's jurisdiction:

- a suspension, the focus of the charge before the EEOC, is qualitatively different from a termination or a promotion; and

- complaining about events occurring in October 2005 is different from complaining about events occurring in April 2005

Indeed, if Moorer intends to complain about events occurring in April 2005, as his complaint indicates, his charge was not timely - regardless of its content - because 27 October 2005 (the date upon which the charge was received) is more than 180 days after 7 April 2005 (the date upon which the acts of discrimination occurred).

> Timely filing a charge of discrimination is a prerequisite to bringing suit under both Title VII and the ADA. *See* Section 706(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 (e) (1994); 42 U.S.C. § 12117 (a); *Love v. Pullman*, 404 U.S. 522, 523, 30 L. Ed. 2d 679, 92 S. Ct. 616 (1972) ("A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964 ... may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief."); . . . . *See Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1011 (11th Cir. 1982) ("The timely filing of an EEOC complaint is a condition precedent to a Title VII action").

*Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259 (11th Cir. 2001).

Accordingly, it is ORDERED as follows:

1. Moorer's motion to amend his complaint is GRANTED.

2. On or before 21 August 2006, Moorer shall show cause in writing why his complaint should not be DISMISSED because this court lacks jurisdiction to consider his claims.

DONE this 9th day of August, 2006.

/s/ Vanzetta Penn McPherson  
VANZETTA PENN MCPHERSON  
UNITED STATES MAGISTRATE JUDGE