RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY BERNARD MOORER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO : 2:06CV672WKW |
| | ) |
| CITY OF MONTGOMERY, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S SHOW CAUSE RESPONSE
MOTION TO AMEND THE COMPALINT TO INCLUDE
DEFENDANTS AND TO MAKE CLAIMS PURSUANT TO
42 U.S.C. SECTION 1983**

The Plaintiff responds to the court order directing him to show cause why the complaint should not be DISMISSED because this court lacks jurisdiction to consider his claims:

1. The Plaintiff is unlearned and unskilled in the law; the court is correct in stating that the complaint indicated the alleged discrimination occurred on about April 7, 2005. And if the Plaintiff brought this case under title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20000e, et seq, the court would lack jurisdiction because the acts alleged would have occurred outside the 180-day time limitation. However, the Plaintiff thought that he had to file a title VII claim to allege discrimination and violations of his due process rights. He has learned that he could file a claim under 42 U.S.C. § 1983,

2. The Plaintiff now requests the court to allow him to amend the complaint to add new defendants and now to bring his claims under pursuant to 42 U.S.C. § 1983.

3. The Plaintiff would request to add Mr. **Bernard Harris** as a defendant in his individual capacity defendant.

1

4. The Plaintiff would request to add Mr. Thomas Provitt as a defendant in his individual capacity.

5. The Plaintiff would request to add the City of Montgomery as a defendant under 42 U.S.C. § 1983.

6. The Plaintiff submit the following facts to support his claims:

A. **Racial Discrimination**: After July 2004, and during 2005, and 2006, the foreman over the paint crew, Bernard Harris, an African American, treated me differently than similarly white crew members. I am a 47 year old African American (black) male. From April 22, 2003, until April 18, 2006, I was employed by the City of Montgomery as a service maintenance worker. I was a painter. I was a merit system employee. There was a five-member paint crew; two blacks and three whites. . I was the only employee required to do "high work," painting on a ladder approximately thirty feet. This work is extremely dangerous and considered to be less desirable. At no time during my employment did the foreman require the white employee to climb the ladder to do painting.

B. **Violation of Due Process:** On April 18, 2006, Thomas Provitt, the assistant director of the Maintenance Department for the City of Montgomery, told me to get "my ass off the City Lot" and not to come back. I was terminated, was not given a hearing, no advised of any way I could contest my termination.

C. **Arbitrariness and Capriciousness:** On July 22, 2005, I was suspended 29 days without pay for responding, while was on lunch break, to an inmate's inquiry as to how my mother was doing? This inmate had known my mother for over 35 years, and at the time he asked about her she was terminally ill. All I told the inmate was that she was very ill. I was

2

charged with insubordination Decisions makers of the City acquiesced in the decision to suspend me.

    D. The Plaintiff alleges that the City has failed to properly train the persons who have violated his constitutional rights.

    E. The action of the defendant was done under color of state law.

    F. I have suffered mental anguish; I seek compensatory and punitive damages.

The Plaintiff submits this response and hopes that the court will reconsider its decision to dismiss the claim.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated August 21, 2006

*Anthony Moorer*
Anthony B. Moorer, Plaintiff
4240 Green Meadow Drive
Montgomery, AL 36108
(334) 318-4464