IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY BERNARD MOORER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV672-WKW |
| | ) | [WO] |
| CITY OF MONTGOMERY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff ["Moorer"] has filed a Response to the Court's Order of 9 August 2006 which includes a Motion to Amend his complaint (Doc. # 7). Upon review of the pleadings, the court determined from the face of Moorer's complaint that the actions about which he complained, namely the actions which occurred on 7 April 2005 (Doc. # 1, p. 2), involved disparate treatment in work assignments (Doc. # 1, p. 2). On the other hand, the actions about which he complained in his charge of discrimination, filed on 27 October 2005, involved his suspension for five working days beginning on 4 October 2005 (Doc. # 3, Exh. A).

Because his charge of discrimination included no discussion whatsoever of the allegations in his complaint, the court entered an order on 9 August 2006 directing Moorer to show cause in writing why his claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) should not be dismissed for failure to exhaust his

administrative remedies.

In his response, Moorer conceded that his complaint is limited to the events that occurred in April 2005, but that his charge was focused on the events of October 2005 and acknowledged that, for that reason, the court lacks jurisdiction to consider the allegations in the complaint under Title VII. He now requests that he be allowed to assert his claims under 42 U.S.C. § 1983. He also alleges additional facts and requests leave of the court to add BERNARD HARRIS ["Harris"], THOMAS PROVITT ["Provitt"], and the CITY OF MONTGOMERY as defendants in this lawsuit. Because the plaintiff request is not particularized as a request to name the additional defendants officially, the court assumes that he wises to name Harris and Provitt in their individual capacities.

## CONCLUSION

After careful consideration of Moorer's request and due consideration of the pleadings, and for good cause cause, it is ORDERED as follows:

1. The Motion to Amend the complaint is GRANTED in part and DENIED in part;

2. The court grants the plaintiff's motion to assert his claims pursuant to 42 U.S.C. § 1983;

3. The court grants the plaintiff's motion to add Harris and Provitt as individual defendants in their individual capacities; and

4. The court denies as moot the plaintiff's motion to add the City of

Montgomery as a defendant, inasmuch as the City of Montgomery was previously named.

Because the plaintiff has conceded that the court lacks jurisdiction over his Title VII claims, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's Title VII claims be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before 6 September 2006. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982). *See* ***Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982). *See also* ***Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 23rd day of August, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE