**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ANTHONY BERNARD MOORER**,                Plaintiff, | )<br>)<br>) |
| v. | ) Case No. **2:06-CV-672-WKW-WC** |
|  | ) |
| **CITY OF MONTGOMERY**;<br>**BERNARD HARRIS**, individually; and<br>**THOMAS PROVITT**, individually,                Defendants. | )<br>)<br>)<br>)<br>) |

## MOTION TO STRIKE OR FOR ORDER TO SHOW CAUSE

COME NOW Defendants City of Montgomery, Bernard Harris and Thomas Provitt, and respectfully request that this Court strike Plaintiff's Response in Objection to Defendants' Motion for Summary Judgment (Doc. 30) as untimely, and as grounds state:

1. Defendants filed Defendants' Motion for Summary Judgment (Doc. 24) and Brief in Support of Defendants' Motion for Summary Judgment (Doc. 25) on November 16, 2007.

2. In its Order (Doc. 20), filed April 13, 2007, this Court ordered that "the opponent's brief and responsive submission shall be filed not later than 21 days [after the filing of the dispositive motion]." (Doc. 20, at ¶ 2). Thus, Plaintiff's response was due on or before December 7, 2007.

3. Further, in its Scheduling Order (Doc. 19), filed April 13, 2007, this Court ordered that "The failure to file a response to any motion – either dispositive or non-dispositive – within the time allowed by the court (ten (10) days) shall indicate that there is no opposition to the motion. (Doc. 19, at Section 6).

4. This Court has held that "while the court must grant latitude when construing pleadings filed by pro se plaintiffs, it is not required generally, nor is the court

inclined in this case, to grant latitude with respect to a pro se party's failure to comply with court-ordered deadlines." <u>Fraley v. Cincinnati Ins. Co.</u>, 2006 WL 2381878 (M.D. Ala. 2006), <u>citing</u> <u>Wayne v. Jarvis</u>, 197 F.3d 1098, 1104 (referring to pro se filings, noting, "Liberal construction does not mean liberal deadlines."). In <u>Fraley</u>, pro se parties filed their response to a motion for summary judgment after the deadline for doing so, and this Court directed the untimely response to be stricken from the record, and accordingly would not consider the stricken response in considering whether summary judgment was proper.

5.    Here, as in <u>Fraley</u>, the pro se Plaintiff has file an objection to Defendants' motion for summary judgment three weeks after it was due. Plaintiff cannot plead ignorance as to the meaning and import of the Scheduling Order, as he has already shown he is familiar with the deadlines in the Scheduling Order by timely filing, on his own, a Notice of Mediation and Settlement Conference.

6.    Plaintiff's Response in Objection to Defendants' Motion for Summary Judgment (Doc. 30) is untimely, and should therefore be stricken from the record.

WHEREFORE, Defendants respectfully request that this Court strike Plaintiff's Response in Objection to Defendants' Motion for Summary Judgment (Doc. 30), or in the alternative order Plaintiff to show good cause why it should not be stricken.

Respectfully submitted this 28th day of December, 2007.

>/s/ Allison H. Highley
>Allison H. Highley (HIG024)
>Counsel for Defendants
>City of Montgomery
>Legal Department
>Post Office Box 1111
>Montgomery, AL 36101-1111
>(334) 241-2050 Telephone

CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2007, I sent a true and correct copy of the foregoing to the Plaintiff via U.S. mail, first-class postage pre-paid to:

Anthony Moorer
4240 Green Meadow Drive
Montgomery, Alabama 36108

/s/ Allison H. Highley
Allison H. Highley (HIG024)