**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ANTHONY BERNARD MOORER**, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. **2:06-CV-672-WKW** |
| ) | |
| **CITY OF MONTGOMERY**; ) | |
| **BERNARD HARRIS**, individually; and ) | |
| **THOMAS PROVITT**, individually, ) | |
|     Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OBJECTION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW the above-named Defendants, City of Montgomery, Bernard Harris and Thomas Provitt and respectfully submit this Reply to *Plaintiff's Response in Objection to Defendants' Motion for Summary Judgment* (Doc. 30), without waiving their Motion to Strike (Doc. 31) the same, and state:

1. Defendants have grouped their responses into three categories, to mirror Plaintiff's claims against them as set out in this Court's Order (Doc. 10).

**A. RACIAL DISCRIMINATION**

2. Defendants incorporate herein by reference all points and authorities set forth in their Brief (Doc. 25, pages 4-7) against Plaintiff's Racial Discrimination claim against Defendant Bernard Harris. Plaintiff claims he is only required "to present some evidence to demonstrate that the decision of the Defendant was based on the discriminatory criterion," (Doc. 30, at 3), and that "Once the Plaintiff presents such evidence, a presumption of illegal discrimination is presented" (Id). Plaintiff then claims Defendants have not presented a valid non-discriminatory reason why Plaintiff was treated differently, instead arguing that Plaintiff was not treated differently at all. Id.

3.      Plaintiff has either misunderstood or is mischaracterizing Defendants' case. It is true that Defendants deny any illegal discrimination or disparate treatment. However, there is no factual dispute as to whether Plaintiff was given different tasks than his co-workers. Defendants agree that Plaintiff was assigned different jobs than the other members of his paint crew, and explicitly stated their legitimate, non-discriminatory reasons for doing so in their Brief in Support of Defendant's Motion for Summary Judgment (Doc. 25):

> 17. Be that as it may, Defendant Harris had legitimate, non-discriminatory reasons for his task assignments. (Def. Ex. A). Plaintiff was the newest member of Defendant Harris' paint crew and had the least amount of experience. (Def. Ex. A). Plaintiff made assignments based on crew members' skills and abilities. (Def. Ex. A). Plaintiff's race was never a factor in any of Defendant Harris' decisions about what tasks Plaintiff would be assigned to. (Def. Ex. A). Defendant Harris did not treat Plaintiff differently than any other crew member (Def. Ex. A), and Defendant Harris certainly did not discriminate against Plaintiff because of his race. (Def. Ex. A).

(Doc. 25, page 5, paragraph 17).

4.      Plaintiff proceeds to make a conclusory allegation that "the reasons advanced by the Defendant to support its discriminatory practices are not the real reasons for the adverse employment decisions; therefore they are pretextual." Doc. 30, at 3. Conclusory allegations cannot interpose genuine issues of material fact into litigation so as to preclude entry of summary judgment. Fed. R. Civ. Proc. Rule 56.

5.      Plaintiff claims to have "presented evidence to cast sufficient doubt as to Defendant's proffered reasons to permit a reasonable fact finder to conclude that Defendant's reasons were not the actual motivation in making its decision in regard to

James' [sic.] terms and conditions of employment with Defendant."[1] (Doc. 30, at 3). It is unclear as to which evidence Plaintiff refers. Plaintiff presents no evidence of racial animus toward Plaintiff by his foreman, Defendant Bernard Harris, relying entirely upon his claim that he was the only crewmember who was tasked with high work.

6.  Plaintiff, citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), states the rule that "to establish a prima facie case of discrimination, Plaintiff is required to show that he is a member of a protected class, that he suffered some adverse employment action, **and some other evidence**, which allows an inference of discrimination" (Doc. 30, at 4) (emphasis added). Plaintiff has not met the requirements of this test. There must be some other evidence which allows an inference of discrimination. Plaintiff has not provided any.

7.  Plaintiff also cites cases for the proposition that a court can infer discriminatory animus "because experience has proved that in the absence of any other explanation, it is more likely than not that those action [sic.] were bottomed on impermissible consideration." Doc. 30, at 5. These cases do not apply here because Defendants have stated their legitimate, non-discriminatory reasons for assigning Plaintiff to different tasks.

8.  Plaintiff cites Avarado v. Board of Trustees, which Defendants were unable to locate because of the incomplete citation and perhaps incorrect spelling of the plaintiff's name, but even if Plaintiff correctly states the holding, Avarado does not apply to the facts at hand. Avarado seems to involve a plaintiff with more experience and seniority than someone else who was promoted. The uncontested evidence in this case

---

[1] It appears from the many references to a Plaintiff named James, not Moorer, that large portions of Plaintiff's Response in Opposition were copied from another brief.

3

shows that Plaintiff Moorer was the most junior, least experienced member of his crew. Doc. 25, page 5, paragraph 17. Plaintiff's inexperience was the reason for assigning him different tasks than were assigned to other, more experienced and more senior crewmembers. Id. This reason did not constitute unlawful discrimination, nor was it pretextual.

### B. DUE PROCESS VIOLATION

9. Defendants incorporate herein by reference all points and authorities set forth in their Brief (Doc. 25, pages 7-10) against Plaintiff's Due Process claim against Defendant Thomas Provitt. Plaintiff's only response to Defendants' points and authorities regarding this claim is an attack on Defendants' argument that Plaintiff is collaterally estopped from arguing that he did not resign from his employment with the City.

10. Plaintiff appears to be claiming that res judicata only applies when every issue in a prior proceeding has been litigated. The doctrine of collateral estoppel, or "issue preclusion," recognizes that suits addressed to particular claims may present issues relevant to suits on other claims.

11. Plaintiff misapplies the test he cites from Brewer v. Dupree, 2003 WL 23507795 (M.D. Ala 2003). Defendants applied the Brewer test to the facts at hand to analyze whether Plaintiff's resignation may be proved by collateral estoppel in this case, and the issue is precluded. The issue at stake, namely whether Plaintiff resigned his employment with the City, is identical to the question before Judge McCooey. Also, the resignation issue was actually litigated. A review of Judge McCooey's Judgment shows she specifically ruled on this issue (Doc. 25, page 8, paragraphs 28-31). Finally, voluntary resignation is bar to unemployment benefits, and determining whether Plaintiff

4

resigned was a critical and necessary part of the Circuit Court case.

12. Thus, all three prongs of Plaintiff's test have been met and Plaintiff should be estopped from re-litigating the issue of Plaintiff's resignation.

### C. FAILURE TO TRAIN

13. As a threshold issue, Plaintiff completely abandons his Failure to Train claim, and makes no objection to or arguments against Defendants points and authorities regarding the same, all of which Defendants incorporate herein by reference. (Doc. 25, pages 10-11). Thus, Plaintiff's Failure to Train claim should be deemed abandoned and the City of Montgomery should be dismissed as a party.

14. Notwithstanding, Alabama courts have not recognized a cause of action against a municipality for negligent training. Cornelius v. City of Andalusia, No. 06-0312, 2007 WL 4224036, 5 (M.D. Ala. 2007), citing Styron v. City of Foley, No. 03-0572, 2005 WL 3098926, at 4-5 (S.D. Ala. 2005); and Ott v. City of Mobile, 169 F.Supp.2d 1301, 1314-15 (S.D. Ala. 2001).

15. Assuming, *arguendo*, there is a cause of action for negligent training against a municipality, Plaintiff has not stated a claim for negligent training. An element of a negligent training claim is that the employer is actually or constructively aware of the employee's incompetence before the alleged tort occurred. Cornelius v. City of Andalusia, No. 06-0312, 2007 WL 4224036, 5 (M.D. Ala. 2007), citing Lane v. Cent. Bank of Ala., N.A., 425 So.2d 1098, 1100 (Ala.1983). Presuming Plaintiff means failure to train Defendants Provitt and Harris (although he never states as much), Plaintiff has produced no evidence that the City of Montgomery is actually or constructively aware of incompetence on the part of either before the alleged harm occurred.

16.     The United States Supreme Court has stated that there are only "limited circumstances" in which an allegation of a failure to train or supervise can be the basis for liability under Section 1983. <u>Hamilton v. City of Jackson</u>, 508 F.Supp.2d 1045, 1056 (S.D. Ala. 2007), <u>citing</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 387, 109 S.Ct. 1197, 1197 (1989). These "limited circumstances" occur only where the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy results in the employees violating a citizen's constitutional rights. <u>Hamilton v. City of Jackson</u>, 508 F.Supp.2d 1045, 1056 (S.D. Ala. 2007). It is only when the failure to train amounts to "deliberate indifference" that it can properly be characterized as a "policy" or "custom" necessary for Section 1983 liability to attach. <u>Hamilton v. City of Jackson</u>, 508 F.Supp.2d 1045, 1056 (S.D. Ala. 2007), <u>citing</u> <u>Canton</u>, 489 U.S. at 389, 109 S.Ct. 1197.

17.     To establish a "deliberate or conscious choice" or such "deliberate indifference, a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." <u>Hamilton v. City of Jackson</u>, 508 F.Supp.2d 1045, 1056 (S.D. Ala. 2007), <u>citing</u> <u>Board of County Commissioners of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397, 407-09, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

18.     In this case, Plaintiff has not produced a scintilla of evidence to support a claim that the City of Montgomery was deliberately indifferent to a need to train.

## II. CONCLUSION

19.     There are no genuine issues of material facts and Plaintiff cannot prevail on his claims, which are unfounded. Plaintiff is not entitled to any relief, therefore

Summary Judgment in favor of Defendants is just and proper, and all claims against them are due to be dismissed with prejudice.

WHEREFORE, premises considered, Defendants renew their petition to this Honorable Court to enter summary judgment in their favor and against Plaintiff Anthony Moorer as to all issues in controversy alleged against them.

Respectfully submitted this 4th day of January 2008.

/s/ Allison H. Highley
Allison H. Highley (HIG024)
Attorney for Defendants

OF COUNSEL:
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008, I sent a copy of the foregoing to the Plaintiff via U.S. mail, first-class postage pre-paid to:

Anthony Moorer
4240 Green Meadow Drive
Montgomery, Alabama 36108

/s/ Allison H. Highley
Of Counsel