IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY BERNARD MOORER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv672-WKW |
| | ) | |
| CITY OF MONTGOMERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Currently pending before the undersigned Magistrate Judge is a collective Motion for Summary Judgment (Doc. #24) filed on 16 November 2007, by Defendants City of Montgomery (City), Bernard Harris (Harris), and Thomas Provitt (Provitt) (hereinafter collectively Defendants). Plaintiff filed an untimely Response on 27 December 2007, to which Defendants filed a Motion to Strike (Doc. #31) and Reply (Doc. #33). The undersigned has denied Defendants's Motion to Strike (Doc. #31) in an Order filed contemporaneous to this Recommendation. For the reasons that follow, the Magistrate Judge RECOMMENDS the Motion for Summary Judgment (Doc. #24) be GRANTED.

**I.    BACKGROUND**

Anthony Bernard Moorer (Moorer) commenced this *pro se* action on 27 July 2006, seeking recovery of back pay, reinstatement of his former job, other equitable relief, compensatory and punitive damages, costs, and attorney's fees. Compl. (Doc. #1 at 3). Moorer's original Complaint was filed pursuant to Title VII of the Civil Rights Act of

1964 (42 U.S.C. § 2000e et seq.). *Id*. On 23 August 2006, this Court recommended (Doc. #8) Moorer's Title VII claims be dismissed and granted Moorer's request to amend his compliant to assert his claims pursuant to 42 U.S.C. § 1983, and to add Provitt and Harris in their individual capacities. (*See* Doc. #7). On 23 January 2007, this Court ordered Moorer to file an Amended Complaint specifically setting forth his claims pursuant to § 1983. (Doc. #10). Moorer responded by sending the Court both Harris and Provitt's mailing addresses. (Doc. #11). As a result, the Court construed Moorer's Response to the Order to Show Cause (Doc. #7), as his Amended Complaint, and on 9 February 2007, ordered service of this case on all parties. The Court specified Moorer's claims as: 1) Racial Discrimination charged against Harris, in his individual capacity; 2) Violation of Due Process Against Provitt, in his individual capacity; and 3) Failure to Properly Train charged against the City. (Doc. #12). On 9 March 2007, Defendants filed an Answer. (Doc. #15). On 16 November 2007, Defendants filed a collective motion for summary judgment (Doc. #14) and brief in support (Doc. #25). On 27 January 2007, Moorer filed a Response to the Motion for Summary Judgment. (Doc. #30). Despite the untimeliness of Moorer's Response, the Court has considered his arguments in making this Recommendation. On 4 January 2008, Defendants's filed their Reply. (Doc. #33).

Moorer, an African American male, claims he was disparately treated by his employment supervisor, Harris, on the basis of race. Moorer, who had recently become a member of the City maintenance paint crew, complained he was made to do "high work."

2

The high work consisted of painting while on a ladder approximately thirty feet tall. The paint crew consisted of five members, three of whom were white and two of whom were African American. Moorer claims none of the white employees were made to climb the tall ladder. He also claims he was the only member of the paint crew made to climb the tall ladder. When Moorer questioned Harris, who is also African American, as to why only Moorer was made to perform the high work, Harris responded that one of the other members of the paint crew was too old and another member of the paint crew was simply too large. Harris also claims, by way of affidavit, the other reason for Moorer's assignment to the high work was based on his novice skill level.

At some point shortly after his assignment to the paint crew, Moorer's employment with the City ended. Moorer claims he was wrongfully terminated by Provitt without due process. Moorer also claims the City failed to properly train Harris and Provitt, both of whom violated his constitutional rights.

## II.   STANDARD OF REVIEW

In considering the Motion for Summary Judgment, Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard can be met by the moving party, in cases where the moving party bears the burden of proof at trial, by submitting affirmative evidence establishing every element of the moving party's claim. All the evidence, and

the inferences drawn therefrom, must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

With respect to issues (such as affirmative defenses when the plaintiff is the moving party) for which the nonmoving party bears the burden of proof at trial, the moving party may present evidence negating an essential element of the nonmoving party's claim or demonstrate that the nonmoving party's evidence itself is insufficient to establish an essential element of his claim. An issue of fact is "material" if under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp. v. N. Crossarm Co., Inc.,* 357 F.3d 1256, 1259 (11th Cir. 2004) (internal citations omitted). In either case, the burden then shifts to the nonmoving party to present evidence showing there is a genuine issue of material fact. *See Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005). To satisfy this burden, the nonmoving party cannot rest on the pleadings, but must, by affidavit or other means, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). In other words, to avoid summary judgment, the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. The moving party bears "the exacting burden of demonstrating that there is no dispute as to any material fact in the case," *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983), and that it is entitled to judgment as a matter

of law. *See Keel v. United States Dep't of Air Force,* 256 F. Supp. 2d 1269, 1291 (M. D. Ala. 2003).

## III.   DISCUSSION

### A.   DISPARATE TREATMENT

Harris makes two arguments in support of his motion for summary judgment on the issue of disparate treatment. First, Harris argues Moorer failed to make a *prima facie* case of disparate treatment on the basis of race, and even if Moorer did make a *prima facie* case, Harris has rebutted the showing by providing the Court with race neutral reasons for any disparate treatment. Second, Harris argues he is entitled to qualified immunity.

#### 1. *Prima facie* case of disparate tratment.

Moorer originally filed this case as a Title VII action and later amended his Complaint to include claims brought under § 1983.[1] "In a case such as this alleging disparate treatment, in which § 1983 is employed as a remedy for the same conduct attacked under Title VII, the elements of the two causes of action are the same." *Richardson v. Leeds Police Dept.*, 71 F.3d 801, 805 (11th Cir. 1995) (internal quotations omitted). To establish a *prima facie* case of disparate treatment, Moorer must show discriminatory intent on the part of Harris either through: "1) direct evidence; 2)

---

[1] Moorer's Title VII claims were dismissed, (*See* Docs. #8 & #9) and Moorer acknowledged the Court lacked jurisdiction over his Title VII claims. (*See* Doc. #7 at 1).

circumstantial evidence; or 3) statistical proof." *Davis v. City of Panama City, Fla.*, 510 F. Supp. 2d 671, 681 (N. D. Fla. 2007) (*citing Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)).

Here, Moorer offers circumstantial evidence he was disparately treated on the basis of race. He claims that while a member of the paint crew, he was made to climb tall ladders. His circumstantial evidence is the assertion that none of the white members of the paint crew were made to ascend to lofty heights.

Where a plaintiff offers circumstantial evidence of disparate treatment, the Supreme Court has established "a basic allocation of burdens and order of proof in a disparate treatment case, [under] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248 (1981), as modified by *Desert Palace v. Costa*, 539 U.S. 90 (2003)." *Davis v. NPC Pizza Hut*, 447 F. Supp. 2d 1260, 1266 (N. D. Ala. 2006). "[T]he plaintiff first has the burden of establishing a prima facie case of discrimination, which creates a rebuttable presumption that the employer acted illegally." *McCalister v. Hillsborough County Sheriff*, 211 F.App'x. 883, 884-85 (11th Cir. 2006).

"To set out a prima facie case, the plaintiff may show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected

class." *Maynard v. Bd. of Regents of the Univ. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003). Moorer's only argument in support of establishment of a *prima facie* case is to simply state several times that he has established a *prima facie* case. (*See* Doc. #30).

Moorer, an African American male, can show he is a member of a protected group. However, Moorer has failed to show why climbing taller ladders is an "adverse employment action." Moorer's duties to climb the ladder were apparently a part of his job as a painter. He alleges he was the only member of his crew made to climb the tall ladders, but does not make clear why that would not be the normal responsibility of one of the members of the paint crew.

Even in cases where there has been a reassignment, the Eleventh Circuit has failed to find adverse employment action when there is no tangible harm and no alteration of job title. *See Davis v. Town of Lake Park*, 245 F.3d 1232, 1245 (11th Cir. 2001). In Moorer's case, not only has there been no reassignment, there has been no harm, no change in title, nor any apparent change in responsibility. Here, Moorer was merely asked to perform one of his job functions.

Further, assuming Moorer can show he was qualified for the position, Moorer has failed to show he was treated less favorably than someone similarly situated outside of his protected class. Moorer has failed to show the white members of the paint crew were similarly situated. To show the white members of his paint crew were similarly situated,

Moorer must show they were "similarly situated in all relevant respects," *Holifield v. Reno,* 115 F.3d 1555, 1562 (11th Cir. 1997), including in terms of training and experience. *See Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 17 (1st Cir. 1994) (The plaintiff must be "similarly situated [] in terms of performance, qualifications and conduct, 'without such differentiating or mitigating circumstances that would distinguish' their situations.) (*quoting Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)).

The uncontroverted evidence here shows Moorer was the newest member of the paint crew, with the least amount of experience. The responsibility of climbing the tall ladders was given to him on that basis. Further, the evidence shows at least one of the members of the paint crew was too old and another too large to climb the tall ladders. Moorer, thus, lacked the same experience, prohibitive age, and girth of the other paint crew members; and, he is unable to show he was similarly situated. Therefore, under a *McDonnell Burdine* analysis, Moorer has failed to establish a *prima facie* case of disparate treatment and summary judgment is appropriate. *Pace v. S. Ry. Sys.*, 701 F.2d 1383, 1389 (11th Cir. 1983) (finding summary judgment "particularly appropriate" where plaintiff failed to establish a prima facie case of discrimination).

Even assuming Moorer could establish a *prima facie* case, he still would not avoid summary judgment, because Harris was able to provide non-discriminatory reasons for the work assignment, and Moorer has failed to rebut those reasons. If Moorer had been

able to establish a *prima facie* case, which he did not, a presumption of discrimination would apply. The burden would then shift to Harris to articulate "legitimate, non-discriminatory reasons for the challenged employment action." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997). Harris's "burden of rebuttal is exceedingly light," *Cooper v. S. Co.*, 390 F.3d 695, 725 (11th Cir. 2004), and he "need not persuade the court that [he] was actually motivated by the proffered reasons." *Burdine*, 450 U.S. at 254-55. Once Harris proffers a non discriminatory reason for his actions, Moorer "then has the ultimate burden of proving the reason to be a pretext for unlawful discrimination." *Denney v. City of Albany*, 247 F.3d 1172, 1183 (11th Cir. 2001).

    Harris has provided the Court with legitimate, non-discriminatory reasons for assigning Moorer the task of climbing tall ladders. Specifically, Harris claims he made work assignments based on crew members' skills and abilities. In his affidavit, Harris states "Mr. Moorer was the newest member of [his] paint crew" and Harris had to "decide how to best use [his] manpower to accomplish the job." (Doc. #25-2 at 3). Moorer has not only failed to prove this reason to be merely pretext, he has failed to even address it.

    Moreover, Moorer has provided this Court with additional non-discriminatory reasons by Harris for Moorer's assignment to the tall ladders. Moorer's Complaint plainly states that when he asked Harris his reasons for assigning Moorer the "high

9

work," Harris explained the other members of the paint crew were either too large or too old to do "high work." (Doc. #1). Thus, both Moorer and Harris have provided the Court with non-discriminatory reasons for assigning Moorer the high work and Moorer has failed to be Therefore, even if this Court assumed Moorer had shown a *prima facie* case of discrimination, Moorer has failed to prove Harris's reasons were a pretext, and summary judgment is appropriate. *Ivey v. Paulson*, 222 F.App'x. 815, 818 (11th Cir. 2007) ("After an employer articulates a legitimate, non-discriminatory reason, the plaintiff, to survive a motion for summary judgment, must show that the proffered reason was pretext for discrimination.").

### 2. The Ultimate Question

In this Circuit, "[t]he 'ultimate question' in a disparate treatment case is not whether the plaintiff established a *prima facie* case or demonstrated pretext, but 'whether the defendant intentionally discriminated against the plaintiff.'" *Nix v. WLCY Radio/Rahall Commc'n*, 738 F.2d 1181, 1184 (11th Cir. 1984) (*quoting U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714-15 (1983)). Thus, even after undertaking the *prima facie* analysis above, the Court has reviewed the entire record for instances of intentional discrimination against Moorer in consideration of the motion for summary judgment.

It is clear from the undisputed facts of this case, there was no discrimination against Moorer. Harris himself is African American, and while that would certainly not

preclude a finding of racial discrimination, *see Billingsley v. Jefferson County*, 953 F.2d 1351 (11th Cir. 1992), "it is extremely difficult for a plaintiff to establish discrimination where the allegedly discriminatory decision-makers are within the same protected class as the plaintiff." *Welch v. Delta Air Lines, Inc.*, 978 F. Supp. 1133, 1153 (N. D. Ga. 1997).

Further, Moorer failed to address the fact that there was another member of the paint crew who was also African American who was not made to climb the tall ladders. *See Davis v. Valley Hospitality Serv.*, LLC, 214 F.App'x. 877 (11th Cir. 2006) (holding African American managers unable to show disparate treatment upon their firing, where other African American manager retained his job and other African Americans were hired to fill vacancies). In fact, Moorer merely puts forth bare allegations, unsupported by evidence, alleging disparate treatment. The Court is satisfied there has been neither disparate treatment in this case nor discrimination and summary judgment is appropriate.[2]

**B.    DUE PROCESS CLAIM**

Moorer's second claim is that his Due Process rights were violated when Provitt, Assistant Director of the City of Montgomery Maintenance Department, told Moorer to get his "'ass off the City Lot' and not to come back." (Doc. #7 at 2). Moorer complains he was terminated without a hearing and not advised of a way in which he could contest

---

[2] Because the Court has determined there has been no disparate treatment nor discrimination, it declines to address the issue of qualified immunity.

his termination. *Id*. Provitt argues Moorer voluntarily quit his job and was therefore not entitled to due process. (Doc. #25 at 8-9).

"[The] Due Process Clause requires notice and the opportunity to be heard incident to the deprivation of life, liberty or property at the hands of the government." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). State law determines whether a public employee has a property interest in his or her job. *Warren v. Crawford*, 927 F.2d 559 (11th Cir. 1991).

Under Alabama law, a public employee on the "merit system" has a protected property interest in his or her job. *See Best v. Boswell*, 696 F.2d 1282, 1290 (Ala. Civ. App. 1983). Harris asserts he was a merit system employee. (Doc. #7 at 2). Provitt fails to address the issue. Rather, Provitt argues the Court need not make a determination on the issue of whether Moorer had a property interest in his employment, because he voluntarily left his job.

If Moorer did in fact resign from his post, he cannot establish that Provitt deprived him of due process. *Hargray v. City of Hallandale*, 57 F.3d 1560, 1567 (11th Cir. 1995). In support of his motion for summary judgment, Provitt provided the Court with evidence of a factual determination made by the Montgomery County Circuit Court, which concluded that Moorer was not terminated, but had actually abandoned his employment. (Doc. #25-5 at 11). Moorer has provided no evidence or argument to the contrary and failed to address the issue in his Response. Thus, he has failed to make any showing that

12

he was terminated and entitled to due process.

In this Circuit "employee resignations are presumed to be voluntary." *Hargray*, 57 F.3d at 1568. Moorer may rebut the presumption he voluntarily abandoned or resigned his employment if he "'comes forward with sufficient evidence to establish that the resignation was involuntarily extracted.'" *Id*. at 1568 (*citing Christie v. United States*, 518 F.2d 584, 587 (1975)). Moorer failed to put forth any evidence his resignation was involuntary. As to this entire issue, Moorer has only provided the Court with two sentences in his Amended Complaint (Doc. #7) asserting the denial of due process.

Moorer's bare assertion that he was told to remove his backside "from the City lot" and not return does not establish he was terminated without due process. This is especially true where Provitt has provided the Court with a state court determination, which specifically held that Moorer voluntarily quit his job. Because Moorer voluntarily quit his job and is unable to establish the resignation was involuntarily extracted, summary judgment is warranted. *Hughes v. Ala. Dep't of Pub. Safety*, 994 F. Supp. 1395, 1406 (M. D. Ala. 1998).

    **C.**    **FAILURE TO TRAIN**

Moorer's third claim is that the City of Montgomery failed to properly train Harris and Provitt. The entirety of his claim exists as: "The Plaintiff alleges that the City has failed to properly train the persons who have violated his constitutional rights." (Doc. #7 at 3) In its motion for summary judgment, the City states: Moorer makes this "bare

13

allegation . . . but never explains what he means or produces any evidence that the City failed to train anyone." (Doc. #25 at 10). The City does not overstate the case. As with the last issue, Moorer fails to address this issue in his Response.

Under certain circumstances, a city may be liable under § 1983 for inadequate training of its employees. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 380 (1989).

> [T]he Supreme Court has explained that there are only "limited circumstances" in which an allegation of a failure to train or supervise can be the basis for liability under § 1983. The Supreme Court has instructed that these "limited circumstances" occur only where the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights.

*Gold v. City of Miami*, 151 F.3d 1346 (11th Cir. 1998) (internal citations omitted). To prove this claim, Moorer must "identify a municipal 'policy' or 'custom' that caused [his] injury." *Id*.

Moorer fails to identify any City policies or customs which would cause the employees to violate anyone's constitutional rights and fails to show any evidence of an injury. As stated above, the evidence presented in this case reveals Moorer was neither discriminated against while working on the paint crew, nor wrongly terminated. Thus, Moorer cannot establish the City's liability under § 1983 and summary judgment is appropriate. *See id*.

## IV.  CONCLUSION

For the reasons specified above, the Magistrate Judge RECOMMENDS the

14

Motion for Summary Judgment (Doc. #24) be GRANTED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation by **28 February 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 15th day of February, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE