RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA  8: 27
NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ANTHONY BERNARD MOORER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO:2:06-cv-000672-WK |
| | ) |
| CITY OF MONTGOMERY, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE IN OBJECTION TO
## THE MAGISTRATE JUDGE'S RECOMMENDATION

Comes now Plaintiff, and submits his objection to the recommendation of the magistrate judge recommending summary judgment in favor of the defendant.

First, the magistrate judge obviously does not understand my allegation about disparate treatment. As the Plaintiff, I specifically alleged that the supervisor, Defendant Harris, purposefully subjected me, an African- American, to more dangerous working conditions by requiring me—but not requiring similarly situated white employees to do the same---to perform all of the high work requiring painting on a ladder, approximately 30 feet off the ground. It was not just the climbing of the ladder that was the disparate treatment, which the magistrate erroneous interprets to my discrimination claim. It is more. It is the continued climbing the ladder and danger associated with working all day in a dangerous position, and this type of dangerous working condition was specifically reserved only for me, the only African American painting. The supervisor, who is African American, did not participate that often in painting. The only time he painted was to help out one of the white employees. It was the danger of climbing the ladder and

having to work on the ladder which interfered with my ability to effectively do my job. It was the continued threats of termination and intimidation when I complained about him requiring only me to work under such dangerous conditions that amounts to an adverse employment action.

Second, the magistrate judge erroneous concludes, without any evidence but the self-serving assertions of Defendant Harris. that the Plaintiff was treated differently because one of the white employees was too old to work from the ladder, and another one was too large to work from tall ladders. It is ironic that only two "alleged" reasons for two white employees, but there were three employees. What was the reason the other white employee was not required to do high work from the ladder? This issue has not been addressed by the magistrate judge. Although the magistrate judge accepts the Defendants' baseless assertions that ages and weights of the white employees that kept the white employees from performing the dangerous high work, neither the magistrate judge nor the Defendant Harris states the ages or the weights of these white employees in comparison to the Plaintiff's. There is a reason; these alleged neutral, non-discriminatory, legitimate reasons are not legitimate, they are pretextual At the time I last worked with the city on the paint crew, I was 47 years old. At that time, Chris Milo was approximately 31 years, old, 16 years younger the me. Christopher Hayes was approximately 33 years old, approximately 14 years younger than me; and Tommy Kilo, the too old employee, was approximately 51 years old, only four years older than me, and approximately 70 pounds lighter than me. At that time, I weighed 235 pounds, Chris Milo weighed approximately 160 pounds; Tommy Kilo weighed approximately 160

2

pounds. Chris Hayes did weigh approximately 300 pounds, but there are ladders which could hold a man weighing up to 400 pounds.

Also, worth noting, the magistrate judge did not state the experience of the members of the crew because the defendants only states that the white crew members had more experience than the Plaintiff. At the time I was assigned to the paint crew, I had approximately 27 years as a painter.  Therefore, it is ironic that the magistrate judge could conceivably conclude that the assigning me to a more dangerous job than the white employees could be a valid reason based on my lack of experience.  If lack of experience or  my novice condition and lack of experience in painting were the motivating factors, it would be more logical to conclude that the more experienced painter should have been on the ladder doing the most dangerous work.  The fact of the matter is that experience as a painter played no role in determining whether or not I was assigned  to do the dangerous high work.  Race was a motivating factor.

Also, it should be noted that the white employees did do high work.  However, whenever they were required to do high work, the danger of the height  was removed. Whenever white employees were required to do high work, Defendant  Harris ensured that he ordered a bucket truck for their safety.  I was treated differently, and that disparate treatment was based on my race.

Third, it is obvious that the magistrate judge has misapplied the law to my case. At pages 6-7 of Recommendation (Document 34), beginning at the last paragraph of page 6, the magistrate judge used an improper standard to analyze my claim of discriminating. He states that I must show that I was qualified for the position, and that I was replaced by a person outside of my class.  These conditions do not apply to my case.  However, the

evidence is clear that I was treated less favorable than the three white employees. My evidence shows that I was the only employee required to do the dangerous work on a ladder. Again, whenever the white employees did high work, they were provided the safety of a bucket truck. I was never allowed to paint from the bucket truck alone. I was not allowed to paint from the bucket truck unless a white employee was also in the truck. The magistrate judge has concluded that I was not treated less favorable than similarly situated white employees. In doing so, he has weighed the credibility of the parties. He has concluded, despite the facts to the contrary, that I was not treated differently. These white employees were similarly situat4ed. They were painters. Indeed ,I had made out a prima facie case of discrimination.

Fourth, The magistrate judge erroneous misstates the facts in this case. At page 11 of the recommendation, at the first full paragraph, the magistrate judge states "Further, Moorer failed to address the fact there was another member of the paint crew who was also African American who was not made to climb the tall ladders." There is no evidence to support the magistrate judge's erroneous statement. Apparently, the magistrate judge erroneously assumes that there were six members of the crew. As a matter of fact, there were only five members of the crew: the Plaintiff, an African American, three white employees, and the Defendant, Harris, an African American.

The magistrate judge has improperly determined that  no matter the evidence or lack thereof he wants to believe the Defendant's reasons for treating the Plaintiff differently than he treated similarly situated white employees. The magistrate judge has invaded the providence of the jury. He has accepted the bare assertions of the Defendants in this case. For the magistrate judge do so invades the providence of the jury, and is

4

inappropriate. Therefore, recommending summary judgment in favor of the Defendants is inappropriate. Therefore, the recommendation of the magistrate judge should be overruled, and this case should be set for a jury trial.

Respectfully submitted,

*Anthony Moore*

Anthony B. Moore, pro se
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this 28th ay of February 2008, filed a copy of this document with the Clerk of the Court, who will perfect service upon the following using the CM/ECF SYSTEM.

Allison H. Highley, Esq.
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111

*Anthony Moore*

ANTHONY B. MOORE, pro se

**Address of Plaintiff**:
4241 Green Meadow Drive
Montgomery, AL  36108
(334) 221-9415

5