IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY BERNARD MOORER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-672-WKW |
| ) | (WO) |
| CITY OF MONTGOMERY, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On February 15, 2008, the Magistrate Judge filed a Recommendation (Doc. # 34) that the Defendants' Motion for Summary Judgment (Doc. # 24) be GRANTED. In the Recommendation, the Magistrate Judge determined that (1) the plaintiff failed to state a *prima facie* case of disparate treatment based on race; (2) even if the plaintiff had put forth a *prima facie* case, the defendants had a legitimate non-discriminatory reason for any disparate treatment, which was not pretextual; and (3) going to the ultimate issue there was no discrimination. On February 28, 2008, the plaintiff Anthony Moorer ("Moorer") filed an objection (Doc. # 36), challenging each of these determinations.

First, the Magistrate Judge was correct in finding that the Moorer failed to establish a *prima facie* case. The Magistrate ruled that to state a prima facie case the plaintiff must establish: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his

protected class. Moorer contends the Magistrate Judge incorrectly analyzed whether Moorer was replaced by a person outside of his class when the Magistrate should have analyzed whether Moorer was treated less favorably than similarly situated individuals outside of his class. Again, Moorer misunderstands the Magistrate Judge's recommendation, which found that Moorer had failed to prove he was treated less favorably than similarly-situated individuals. Accordingly, the Magistrate's analysis was correct, and Moorer failed to state a *prima facie* case.

Even if Moorer had stated a *prima facie* case, the Magistrate's analysis that the defendants put forth a legitimate, non-discriminatory reason, which Moorer failed to prove was pretextual, is correct. Moorer claims that the Magistrate Judge incorrectly relied on a "self-serving affidavit" from defendant Harris. However, Harris's affidavit put forth legitimate non-discriminatory reasons about why Moorer was made to do the "high work" on the paint crew, including that he was the newest member of the crew and that Harris thought it was the best use of his manpower. The court finds these reasons sufficient.

In his objection, Moorer for the first time alleges facts to challenge the defendants' stated reasons as pretextual. However, these facts are not properly before the court, as Moorer failed to raise them in his response to the motion for summary judgment. Even if the court does considers these allegations now, they are insufficient to create a disputed issue of material fact.

Even if the defendants stated reasons were pretextual, the Magistrate Judge's

conclusion that there was no discrimination is correct. In his objection, Moorer alleges facts for the first time regarding the way his supervisor treated him; this should have been raised in Moorer's response to the motion for summary judgment. However, even considering these facts, the court finds they are bare allegations not supported by evidence and fail to create a genuine issue of material fact.

After an independent and de novo review of the record, it is the ORDER, JUDGMENT and DECREE of the court that:

1. The plaintiff's objection (Doc. # 36) is OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 34) is ADOPTED;

3. The Defendants' Motion for Summary Judgment (Doc. # 24) is GRANTED.

An appropriate judgment will be entered.

DONE this 13th day of March, 2008.

       /s/ W. Keith Watkins
       UNITED STATES DISTRICT JUDGE